FILED'11 MAR 31 15:45 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| EMMANUEL R. BEAULIEU, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-6401-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Emmanuel Beaulieu (plaintiff), brings an "Action to Quiet Title Pursuant to 28 U.S.C. §2410." [#1] Plaintiff seeks to have this court quiet title to his various properties, and alleges that "there is not a valid tax lien [against his property] as the IRS did not follow the proper procedure in recording the tax liability and making a demand for payment . . . ." [#1-p.2] Plaintiff asserts that despite requesting his assessment records for tax years 2000-2006 inclusive, defendants

1 - ORDER

have produced only the records for 2005. Plaintiff alleges that this is because documents do not exist for the other years and "therefore quiet title must issue to plaintiff." [#1-p.4].

Defendants move to dismiss (and alternatively for summary judgment), plaintiff's claims for (1) lack of subject matter jurisdiction and (2) for failure to state a claim. [#3; 3-2]. Defendants also bring plaintiff's two previous similar actions to the court's attention. [#3-2,fn.2]. Defendants allege that the previous actions filed in federal court raised the same issues. [09-6225-TC; 10-6049-AA].

### Introduction

Plaintiff alleges that the outstanding tax assessments made against him for tax years 2000-2006, and the collection process as applied to him, are procedurally deficient and therefore invalid. [#1-p.2]. Plaintiff has styled this action[1] an "Action to Quiet Titles pursuant to 28 U.S.C. § 2410[2], and argues that

---

[1]   Plaintiff's two previous actions were styled as Mandamus pursuant to 28 U.S.C. §1361.

[2]   Section 2410 (Actions affecting property on which the United States has lien) states:
(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
   (1) to quiet title to,
   (2) to foreclose a mortgage or other lien upon,
   (3) to partition,
   (4) to condemn, or
   (5) of interpleader or in the nature of interpleader with

2 - ORDER

because the only assessment record that was provided by the IRS was for 2005, the remaining liens and levy's (for years 2000-2006), are not procedurally sound because he did not receive a demand for payment as required under 26 U.S.C. § 6303 or 6320. [#1-pp.2-3].

Defendant contends that plaintiff's claims fail because he owes outstanding taxes for 2000-2006 inclusive, subsequent to the IRS following all proper procedures for the assessments, notices and demand for payments. [#3-2,p.3]. Defendant argues that plaintiff cannot challenge the underlying tax assessment under 28 U.S.C. § 2410, because it is a limited waiver of sovereign immunity which applies only to the challenge of lien claimed by the United States. [#3-2, p.3]. Thus to the extent that plaintiff claims the assessments were improper, this court lacks subject matter jurisdiction. *Id.*

## Discussion

This court lacks jurisdiction to consider any challenge to plaintiff's underlying tax assessment, however, claims regarding the failure of the IRS to properly assess a tax, provide a taxpayer with a copy of an assessment, and the failure to send a notice of assessment and demand for payment are cognizable under section 2410, unless the government can establish that there is

---

respect to,
real or personal property on which the United States has or claims a mortgage or other lien.

3 - ORDER

no genuine issue of fact regarding whether the IRS complied with section 6303(a). *Huff v. United States,* 10 F.3d 1440, 1445 (9th Cir. 1993).

Section 6303 requires that to be valid, a notice of assessment must be sent to the taxpayer's last known address. 26 U.S.C. §6303. A taxpayer's last known address is the address on his most recent return, unless the taxpayer communicates to the IRS 'clear and concise' notice of change of address. *Williams v. Commissioner* 935 F.2d 1066, 1067 (9th Cir. 1991)(citations and quotations omitted).

In this instance, the defendants submitted Certificates of Assessments and Payments (Form 4340), as proof that assessments had been made for the years at issue. [#3-Exs. 2-8]. "Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made." *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir. 1993).

In addition to submitting a Form 4340 for each year at issue, the IRS also submitted an affidavit from IRS agent Ron Robinson asserting that in responding to plaintiff's request, he provided plaintiff with copies of the Master File transcripts identifying plaintiff as the taxpayer, the character of the liabilities assessed, the taxable periods for those assessments and the amounts of the assessments. [#3-3, Robinson Decl.,and

4 - ORDER

Ex. 1] The court additionally notes that defendants' exhibits show "return receipt signed" as well as communication back and forth between the agency and plaintiff regarding a due process hearing September 2009, all of which demonstrates that plaintiff and defendants had valid addresses through which they communicated with one another. [See e.g., #3-Ex.3; Ex.7].

Plaintiff, on the other hand, has presented no evidence to support his claims that the IRS did not send him the requisite notices and demands. There is nothing in the record which bolsters his claims of procedural errors in this matter. I therefore find that plaintiff's claim that the government failed to properly supply him with notice and demand entirely lacks merit.

## Conclusion

Based on the foregoing, defendants' Motion to Dismiss [#3], is GRANTED. Any pending motions are DENIED as moot. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this **31st** day of March, 2011.

Michael R. Hogan
UNITED STATES DISTRICT JUDGE

5 - ORDER